IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

U.S. BANK NATIONAL ASSOCIATION *as Trustee, on behalf of the Holders of the Home Equity Asset Trust 2006-7 Home Equity Pass through Certificates, Series 2006-7,*

        Plaintiff,

    v.

ROBERT J. LARRY, STATE OF OREGON, DISCOVERY FINANCIAL SERVICES, INC., FOX CAPITAL CORP., *a Washington Corporation*, and OCCUPANTS OF THE PROPERTY.

        Defendants.

Case No.: 3:13-cv-01553-AC

FINDINGS & RECOMMENDATION

_____

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff U.S. Bank National Association as Trustee, on Behalf of the Holders of the Home-Equity Asset Trust 2006-7 Home Equity Pass Through Certificates, Series 2006-7 ("U.S. Bank") filed this action in Multnomah County Circuit Court seeking judicial foreclosure of property owned

1

by Defendant Robert J. Larry ("Larry").  Larry removed the case to the U.S. District Court for the District of Oregon on the basis of this court's jurisdiction over cases between parties with diverse citizenships.  U.S. Bank now requests that the court remand the case to state court.

### Factual Background

In May 2006,  Larry executed a promissory note and deed of trust giving Encore Credit Corp. ("Encore") a security interest in property located at 6114 North Kerby Ave., Portland, OR ("Subject Property").  (Compl. Exs. 1, 2.)  Fifteen months later, Larry filed for Bankruptcy.  (Compl. at ¶16.)  In December 2007, Encore assigned the note and deed of trust to U.S. Bank, who in turn agreed with Larry to modify the mortgage agreement.  (Compl. Exs. 3, 4.)  Despite the modification, Larry was unable to stay current on his payments, and U.S. Bank filed this action *in rem* seeking judicial foreclosure on the Subject Property.  (Compl. at. 6.)

In September 2013, Larry removed the case to the U.S. District Court for the District of Oregon on the basis of this court's diversity of citizenship jurisdiction.  (Def.'s Notice of Removal at ¶4.)  In his Notice of Removal, Larry claims that diversity jurisdiction is warranted because U.S. Bank is "a corporation with principle [sic] place of business located in the State of Utah," Larry "is an individual residing in the State of Oregon," and the amount in controversy exceeds $75,000.  (*Id.* at ¶¶ 5-6.)  U.S. Bank asserts that removal was improper at the outset under 28 U.S.C. §1441.

### Legal Standard

A defendant may remove to federal court "[a]ny civil action brought in State Court of which the district courts of the United States have original jurisdiction . . . ."  28 U.S.C. § 1441(a).  However, courts strictly construe the removal statutes, and there is a "strong presumption against removal jurisdiction . . . ."  *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted).  "If there is any doubt as to the right of removal in the first instance," the court must

2

remand the case to state court.  *Id.*

*Discussion*

U.S. Bank argues that removal was improper due to the limitations on the court's removal jurisdiction contained in 28 U.S.C. § 1441(b)(2).  Larry did not file a responsive brief and has not submitted evidence to refute U.S. Bank's argument.  Because of the clear limitation on removal jurisdiction contained in § 1441(b)(2), the court should find for U.S. Bank, and grant its motion for remand.

A defendant in a matter originally brought in state court may remove the case to federal court if the federal court could have exercised subject matter jurisdiction over the case when it was originally filed.  28 U.S.C. § 1441(a).  However, upon a timely motion by a plaintiff, the court must remand a case removed in violation of the "forum defendant rule."  *See Hamilton v. Silven, Schmeits & Vaughan, P.C.*, No. 2:09–cv–01094–SI, 2013 WL 5723123, at *1 (D. Or. Oct. 21, 2013).  Under that rule, a case removable "solely on the basis of [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).

For the purposes of determining diversity jurisdiction, a natural person is a citizen of the state in which he or she is domiciled.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A person is domiciled in the jurisdiction in which he or she resides with an intent to remain.  *Id.*  In the Notice of Removal, Larry claims that complete diversity exists because U.S. Bank is "a corporation with principle [sic] place of business located in the State of Utah and the County of Salt Lake," and Larry "is an individual residing in the State of Oregon and the County of Multnomah."

While the diversity statute speaks in terms of "citizenship," because Larry is proceeding pro se, the court was bound at the time of removal to construe his jurisdictional allegations liberally "and

3

FINDINGS & RECOMMENDATION                                                              [RMD]

afford the [pro se party] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 2012, 1212 (9th Cir. 2012).  Thus, at the time, the court was required to read his statement of residency broadly and assume that Larry would be able to establish diversity of citizenship.  Since then, however, Larry has presented no evidence suggesting he is not a citizen of Oregon, and in fact, the documents attached to Larry's complaint support the conclusion that he resides in Oregon.  Therefore, the court finds that Larry is a citizen of Oregon.  Because the record establishes that Larry is a citizen of Oregon, he was not entitled to remove the case from Oregon state court to this court.

In November 2013, Larry moved to dismiss the State of Oregon as a defendant, arguing that the State of Oregon has no lien on his property, was not properly served by plaintiff, and is not a party in interest to the lawsuit.  (Mem. in Supp. of Def. Robert J. Larry's Mot. to Dismiss State of Oregon from Lawsuit at 2.)  However, dismissing the State of Oregon as a party, even if the court were to do so, would not change the outcome of U.S. Bank's remand motion.  Remand still would be appropriate because Larry, as a citizen of Oregon, was not entitled to removal in the first instance. Because remand is required even if the State of Oregon is not a party, Larry's motion to dismiss is moot.

Because removal was inconsistent with 28 U.S.C. §1441 at its inception, and because Larry's motion to dismiss, if granted, would not change that result, the court should remand this case to Multnomah County Circuit Court.

*Conclusion*

For the reasons stated above, U.S. Bank's Motion for Remand to State Court (Dkt. # 13) should be GRANTED, and Larry's Motion to Dismiss State of Oregon from Lawsuit (Dkt # 18) should be DENIED as moot.

4

FINDINGS & RECOMMENDATION                                                      [RMD]

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due February 5th, 2014.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 22nd day of January, 2014.


_____/s/ John V. Acosta_____
JOHN V. ACOSTA
United States Magistrate Judge

FINDINGS & RECOMMENDATION                                                                [RMD]